UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EDMOND HUDMOND SMITH, IV,**                            **CIVIL ACTION**
**#07241-056**

**VERSUS**                                               **NO. 19-1454**

**SAINT PAUL TRAVELERS**                                 **SECTION: "M"(3)**
**COMPANY, INC., ET AL.**

## REPORT AND RECOMMENDATION

Edmond Hudmond Smith, IV, and Louis Holger, federal prisoners incarcerated in Missouri, filed this largely incomprehensible civil complaint naming more than one hundred defendants and alleging more than one hundred acts of racketeering. As relief, they requested that (1) Smith's federal convictions be overturned, (2) Smith be released from incarceration, (3) the named defendants be "held accountable for their criminal actions," and (4) $38,000,000,000 in damages be awarded.

Before filing this complaint, Smith and Holger filed complaints asserting the same claims against the same defendants in federal district courts in Alabama, Alaska, and Indiana. In Alabama, the pauper applications are currently pending. Smith v. St. Paul Travelers Co., Inc., Civ. Action No. 19-00051 (S.D. Ala.). In Alaska, the complaint was dismissed with prejudice as frivolous. Smith v. St. Paul Travelers Co., Inc., Civ. Action No. 19-0002 (D. Alaska Apr. 1, 2019). In Indiana, Smith has been ordered to show cause why judgment dismissing his claims with prejudice should not issue, while Holger, who has apparently now been released from incarceration, was warned that his claims would be dismissed without prejudice unless he provided

a current mailing address. Smith v. St. Paul Travelers Co., Inc., Civ. Action No. 19-00598 (S.D. Ind. Feb. 15, 2019).

In the instant case in this Court, Holger neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. Because he failed to notify the Court of his new address after being released, the Court had no way to contact him to remedy that deficiency. Accordingly, the undersigned entered an order noting that Holger was not considered to be a proper plaintiff in this matter and directing the Clerk of Court to terminate him as a plaintiff on the docket sheet.[1]

Smith, however, requested and was granted leave to proceed in this matter as a pauper. Nevertheless, even putting aside for the moment the other numerous defects evident from the complaint,[2] it is obvious that this litigation should not go forward in this Court.

Most importantly, as already noted, the instant complaint essentially mirrors the pending lawsuits Smith previously filed in federal district courts in Alabama, Alaska, and Indiana. The filing of such duplicative litigation is improper, and courts should take care to prevent such efforts by litigants:

> The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs. As between federal district courts, the general principle is to avoid duplicative litigation. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. To avoid these ills, a district court may dismiss an action

---

[1] Rec. Doc. 6.

[2] For example, the Federal Rules of Civil Procedure provide that a pleading stating a claim for relief must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief …." As noted by Chief Judge Jane Magnus-Stinson with respect to the virtually identical complaint filed in the Indiana case, the complaint clearly fails to comply with that rule. Smith v. St. Paul Travelers Co., Inc., Civ. Action No. 19-00598 (S.D. Ind. Feb. 15, 2019).

where the issues presented can be resolved in an earlier-filed action pending in another district court.

West Gulf Maritime Association v. ILA Deep Sea Local 24, 751 F.2d 721, 728-29 (5th Cir. 1985) (citations, quotation marks, and ellipsis omitted); accord Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court. District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (citations, quotation marks, and ellipsis omitted)). The instant complaint was filed after those filed in the federal district courts in Alabama, Alaska, and Indiana. Therefore, this litigation should proceed, if at all, in one of those earlier-filed lawsuits.

Moreover, to the extent that Smith is challenging the validity of his federal convictions, the undersigned notes that such a challenge is not proper in a civil action such as this. Rather, when a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); accord Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Further, even if the instant complaint were construed in part as a habeas application, it would not be properly filed in the Eastern District of Louisiana. Rather, any such challenge must proceed in the Southern District of Alabama, the district in which Smith was sentenced.[3] See Pack v. Yusuff, 218 F.3d

---

[3] Plaintiff was convicted and sentenced in the United States District Court for the Southern District of Alabama for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). See United States v. Smith, 398 F.

3

448, 451 (5th Cir. 2000) ("A section 2255 motion … provides the primary means of collateral attack on a federal sentence. Relief under section 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. A section 2255 motion must be filed in the sentencing court." (citations and quotation marks omitted)).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that this duplicative federal civil action be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of April, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**

---

App'x 495 (11th Cir. 2010). He was also separately convicted and sentenced in that same court of two counts of retaliation against federal officials by threat, in violation of 18 U.S.C. § 115(a)(1)(B), two counts of solicitation to commit murder, in violation of 18 U.S.C. § 373(a), and one count of making false statements to federal agents, in violation of 18 U.S.C. § 1001. United States v. Smith, 443 F. App'x 465 (11th Cir. 2011).